Our File No: C-17383

DiFrancesco, Bateman, Coley, Yospin,
Kunzman, Davis & Lehrer, P.C.
15 Mountain Boulevard
Warren, New Jersey 07059
(908) 757-7800
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS G. PAPPAS | * |
| Plaintiff, | * |
| -vs- | *   Civil Action No: 06-4960 |
| CITY of PATERSON, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES and LOCAL 2272, jointly and severally | *   COMPLAINT AND JURY DEMAND * * |
| Defendants. | * |

Plaintiff, Thomas Pappas, residing at 313 McBride Avenue, Paterson, County of Passaic, State of New Jersey, by way of Complaint against the defendants, states as follows:

**PRELIMINARY STATEMENT**

This suit is filed in order to vindicate the rights of the plaintiff to engage in activity protected by the First and Fourteenth Amendments of the Constitution of the United States without fear of reprisal, to secure these First and Fourteenth Amendment rights from future restraints by the defendant, to

address a failure to accommodate a disability, failure to engage in an interactive process of accommodation, discrimination based on the exercise of protected speech, to seek equitable relief in the form of reinstatement to his position, and to seek economic redress for losses suffered by the plaintiff at the hands of the defendant.

## JURISDICTION AND VENUE

1. This action arises under the First Amendment to the Constitution of the United States.

2. The jurisdiction of this Court over the claim arising under 42 U.S.C. §1983 is founded on 28 U.S.C. §§1343(a)(3) and (a)(4). The jurisdiction of the Court over the claims arising under the First and Fourteenth Amendments is founded on 28 U.S.C. §§1331 and 1343(a)(3).

3. Venue lies in this district under 28 U.S.C.A. §1391(b).

## THE PARTIES

4. Thomas Pappas was employed as a tenured Department of Public Works Caretaker by Defendant City of Paterson from 1998 to 2004.

5. The City of Paterson is a municipality organized under the laws of the State of New Jersey, located in the County of Passaic.

6. American Federation of State, County and Municipal Employees (hereinafter "AFSCME") is the exclusive collective bargaining unit for Paterson municipal employees. Paterson members are part of Local 2272.

## ALLEGATIONS COMMON TO ALL COUNTS

7. The plaintiff was first employed by the Paterson Department of Public Works on March 5, 1998 as a full-time caretaker and certified truck driver for the defendant.

8. Plaintiff during this time period was a political supporter of then-Mayor Martin Barnes.

9. Jose "Joey" Torres was elected Mayor of the City of Paterson in May 2002.

10. On July 22, 2003, plaintiff was recommended for promotion by the Deputy Director of Public Works, Robert Weaver, citing Plaintiff's hard work and dedication to his job.

11. Plaintiff was injured while performing work for the Department of Public Works during work hours on April 16, 2004

12. Plaintiff injured his knee during the incident and was forced out of work.

13. On May 16, 2004, Plaintiff had an MRI of the affected area that showed a meniscus tear in his right knee.

14. On June 3, 2004, Plaintiff underwent surgery to repair the damage.

15. On June 29, 2004, an x-ray of the injured knee showed a case of Reflex Sympathetic Dystrophy.

16. During his time out of work Plaintiff was receiving Workers Compensation, and was under the ongoing care of physicians and physical therapists.

17. During the Plaintiff's leave from his job, Samuel Goow, private investigator, brother of Paterson City Councilman Aslon Goow, and a political supporter of Mayor Torres, was hired to follow the Plaintiff and track his movements with a video camera. This investigation revealed no activities that were not commensurate with the injury sustained by the plaintiff.

18. On September 17, 2004, Plaintiff received notice to return to work within three days, even though at this point he had not received clearance to return to work by his physician. A DPW employee served this notice personally while Municipal Park Superintendent Anthony Vanchari looked on from his vehicle.

19. Despite the fact that his doctor did not clear him to return to work, Plaintiff returned to work as ordered on September 20, 2004. At the time of his return, he was demoted to the position of laborer.

20. At no point following his return to work was Plaintiff given any accommodation for his handicap.

21. On October 19, 2004, Plaintiff was called into a meeting of Vanchari and Department of Public Works Commissioner,

Manuel Ojeda and suspended indefinitely for conduct unbecoming a city employee. No further explanation was given to him.

22. Prior to this suspension, Plaintiff had not received any reprimands during his six years in the employ of the Defendant.

23. Plaintiff immediately appealed his dismissal to the New Jersey Department of Personnel, docketed #2005-1562.

24. Plaintiff, at the request of the City, was examined by Dr. Arthur H. Tiger on November 22, 2004. Dr. Tiger agreed that the Plaintiff required further treatment.

25. On or about December 15, 2004, the Merit System Board of the New Jersey Department of Personnel, after hearing both sides of the dispute, found no cause for Plaintiff's suspension. The City was ordered to reinstate Plaintiff within ten days and make restitution for all back pay.

26. Regardless of the Board's decision, the City made the decision to disobey the edict and denied plaintiff both the job and back pay which he was owed.

27. On April 7, 2005, in response to the City's continued noncompliance with the order of December 14, 2004, the Board fined the City $10,000, the maximum allowed under the statute. The Board once again called for Plaintiff's immediate reinstatement and back pay with interest. In addition, the Board

called for Plaintiff's departmental hearing to be held within 20 days or the charges shall be deemed dismissed.

28. The order of April 7, 2005 noted that Plaintiff's administrative remedies should now be deemed exhausted.

29. The City of Paterson made a request for reconsideration of this decision. The request was summarily denied.

30. At this point, back pay has been tendered but Plaintiff has not been reinstated.

31. Plaintiff thereupon made two requests to his union for an attorney to represent him in the departmental hearing by the City. Both requests were summarily denied. AFSCME Local 2272 has given no further assistance nor taken any further interest in the plaintiff's claim.

32. The Departmental hearing, which continued over three different hearing dates, was concluded on May 5, 2005. The purported reason for the charges were that Goow's videotaped surveillance showed the Plaintiff doing the simple, nonchallenging tasks of mowing his small lawn with a self-propelled lawnmower and moving a package of 24 cans of soda a few feet from his vehicle to the garage.

33. On May 24, 2005, the Hearing Officer; Anna-Lisa Dopirak, who is in the employ of the city, sustained the city's grounds for the removal of the Plaintiff.

{A0433222.DOC/201}

34. In the May 2006 municipal elections, while still attempting to reclaim his employment with the city, Plaintiff supported an unsuccessful candidate for the mayoralty of Paterson in an election won by Torres.

35. Plaintiff has filed an appeal of his removal, which is pending in the Administrative Law Court.

## FIRST COUNT

36. The Plaintiff, Thomas Pappas, repeats and realleges the allegations as set forth in Paragraphs 1 through 35 as if set forth at length herein.

37. The foregoing actions of the Defendants failed to engage with the Plaintiff in the interactive process necessary to make a reasonable accommodation for his handicap in violation of the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et. seq.

38. As a direct and proximate result of defendant's actions, plaintiff has suffered severe emotional distress, financial and other damages.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable

relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

## SECOND COUNT

39. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 38 as if fully set forth at length herein.

40. The foregoing actions of defendant were based upon a failure to reasonably accommodate his handicap pursuant to New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et. seq.

41. As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe emotional distress, financial and other damages.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

{A0433222.DOC/201}

## THIRD COUNT

42. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 41 as if fully set forth at length herein.

43. The actions of Defendants were the result of acts of reprisal and retaliation in violation of the New Jersey Workers Compensation Act, N.J.S.A. 34:15-39.1 and N.J.S.A. 34:15-39.2.

44. This cause of action stems from the Plaintiff's acceptance of Worker's Compensation due to a valid injury sustained while working for the city of Paterson.

45. As a direct result of Plaintiff's protected activity, Plaintiff was subsequently harassed, intimidated, and fired.

46. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of income, and other severe financial losses.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally, for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

## FOURTH COUNT

47. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 46 as if fully set forth at length herein.

48. The conduct of the Defendants was negligent and proximately caused severe distress to the Plaintiff.

49. The Defendants, as the Plaintiff's employer, owed him a duty of care, as it was certainly foreseeable that any adverse employment action without cause would manifest severe emotional distress in a person normally constituted.

50. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

## FIFTH COUNT

51. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 50 as if fully set forth at length herein.

52. The conduct of the Defendants constitutes an attempt to deprive him of his First Amendment rights, in violation of 42 U.S.C. 1983, the First Amendment of the United States Constitution, and Article I of the New Jersey Constitution, Sections 5 and 6.

53. Defendant's action in terminating Plaintiff from his non-policymaking position due his support for other candidates as well as the treatment of others similarly situated was aimed at punishing his right to protected speech.

54. Said acts of discrimination would not have occurred if Plaintiff supported the administration in power.

55. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits to which he is entitled, and has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable

relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

### SIXTH COUNT

56. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 55 as if fully set forth at length herein.

57. The conduct of the Defendants was a retaliatory discharge in contravention of his First Amendment rights, in violation of 42 U.S.C. 1983, the First Amendment of the United States Constitution, N.J.S.A. 34:15-39.1, and Article I of the New Jersey Constitution, Sections 5 and 6.

58. Plaintiff's dismissal was a direct response to the protected right of filing for Workers' Compensation after suffering a valid, severe injury while performing duties within the scope of his employment with the City of Paterson.

59. Said acts of retaliation are a violation of state and federal law, as well as running afoul of the public policy of the State of New Jersey.

60. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits to which he is entitled, and has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

### SEVENTH COUNT

61. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 60 as if fully set forth at length herein.

62. The conduct of the Defendants deprived Plaintiff of his procedural Due Process rights under N.J. Stat. Ann. § 11A:2-13-14, N.J. Admin. Code tit. 4A, § 2-2.1-2.3, -2.5, -2.8, and the Fifth Amendment of the United States Constitution.

63. As a career civil service employee, Plaintiff had sufficient liberty and property interests in his employment. The City failed to terminate Plaintiff for sufficient cause or afford him the proper hearing procedures as required the New Jersey Civil Service Act.

64. Said acts of retaliation are a violation of state and federal law, as well as running afoul of the public policy of the State of New Jersey.

65. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits to which he is

entitled, and has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

### EIGTH COUNT

66. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 65 as if fully set forth at length herein.

67. The actions of the defendants are in direct violation of the public policy of the State of New Jersey.

68. The Defendants engaged in direct and indirect actions against the Plaintiff to terminate his employment.

69. More specifically, the Defendants' actions were an effort to punish Plaintiff by wrongfully suspending him and ultimately terminating his employment in violation of New Jersey Statutes and the New Jersey State Constitution.

70. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits to which he is

entitled, and has suffered severe emotional distress, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, Plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

### NINTH COUNT

71. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 70 as if fully set forth at length herein.

72. Plaintiff's collective bargaining unit failed to take action with respect his grievance with the defendants, amounting to tortuous conduct on the part of the union

73. The union has a duty to fairly represent members of its members, and failure to do so is actionable at law under N.J.S.A. 34:13A-5.3 and Article I, Section 19 of the New Jersey Constitution.

74. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has lost benefits, has lost back pay to which he is entitled and has suffered severe emotional

distress, pain and suffering, humiliation, embarrassment, loss of income and other severe financial losses.

WHEREFORE, plaintiff, Thomas Pappas, demands judgment against the Defendants, City of Paterson, AFSCME, and Local 2272 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, equitable relief in the form of reinstatement to his position, and such other and further relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiff, Thomas Pappas, demands a trial by Jury in this matter.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Lisa M. Fittipaldi, Esq. as his trial counsel in this matter.

                                      DiFRANCESCO, BATEMAN, COLEY,
                                      YOSPIN, KUNZMAN, DAIVS AND
                                      LEHRER, P.C.
                                      Attorneys for Plaintiff

Dated: October 17, 2006   BY: _____/s/ Lisa M. Fittipaldi_____
                                                  LISA M. FITTIPALDI, ESQ.

## CERTIFICATION

I hereby certify that the original of this pleading has been filed with the Clerk of this Court.

                                  DiFRANCESCO, BATEMAN, COLEY,
                                  YOSPIN, KUNZMAN, DAIVS AND
                                  LEHRER, P.C.
                                  Attorneys for Plaintiff

Dated: October 17, 2006 BY: _____
                                  LISA M. FITTIPALDI, ESQ.